■ MARK ROGERS et al., Appellants, v WILL HUGGINS et al., Respondents. (And Other Titles.) — In a negligence action to recover damages for personal injuries resulting from a motor vehicle collision, plaintiffs appeal from an interlocutory judgment of the Supreme Court, Queens County (Buschmann, J.), dated July 10, 1983, which, after the liability stage of a bifurcated trial, (1) granted the City of New York's motion to dismiss both third-party complaints against it; (2) granted defendants Will Huggins and All Seasons Enterprises' motion to dismiss the complaint as to them; and (3) upon the jury's verdict, awarded plaintiffs judgment against defendants Ben Him Hoem and Season Produce Trading, Inc., and apportioned responsibility at 23% against plaintiffs and only 77% against said defendants.

Interlocutory judgment affirmed, with one bill of costs.

The trial court properly dismissed the complaint as against defendants Will Huggins and All Seasons Enterprises because of plaintiffs' failure to make a prima facie showing that the accident was proximately caused by said defendants. Although the evidence supports a finding that the tractor trailer driven by defendant Will Huggins and owned by defendant All Seasons Enterprises stopped in the right lane of the Brooklyn-Queens Expressway as a result of Will Huggins' negligence in connecting the tractor to the trailer, there was no evidence that any such negligence proximately caused the accident.

Plaintiff Mark Rogers (hereinafter plaintiff) noticed that the tractor trailer was going at a slow speed and was in trouble

when he was seven or eight car lengths behind it. He did not apply his brakes, but immediately signaled and moved to the middle lane. After plaintiff had straightened out his vehicle, a truck owned by defendant Season Produce Trading, Inc. and driven by defendant, Ben Him Hoem collided into the left side of the plaintiffs' car. The roadway was wet. According to Huggins, the truck was traveling at 40 to 50 miles per hour. Although there was conflicting testimony about which lane Hoem had been driving in prior to the accident, under no interpretation of the facts did the tractor trailer proximately cause the accident. Plaintiff was not compelled to change lanes when he did, and the unforeseeable conduct of plaintiff and Hoem intervened to attenuate the causal connection between the disabled tractor trailer and the accident. The tractor trailer in the right lane may have furnished the occasion for the occurrence of the event, but was not one of its causes (*Sheehan v City of New York,* 40 NY2d 496, 503).

Turning briefly to plaintiffs' other claims of error, since they have not shown any prejudice arising from the fact that the complaint was dismissed as against defendants Huggins and All Seasons Enterprises after counsels' summations, and plaintiffs' attorney did not request to reopen his summation, we find no merit to plaintiffs' challenge to the timing of the dismissal. Since plaintiffs did not request that the court charge the emergency doctrine, and did not object to the charge as given, the claim is not preserved for review (CPLR 4110-b, 5501, subd [a], par 3). In any event, such a charge was not warranted because, according to the testimony, plaintiff was not confronted with a sudden and unforeseen condition and had an opportunity to deliberate (see PJI 2:40). The question of plaintiff's contributory negligence was for the jury, and their conclusion that he was 23% at fault was based on a fair interpretation of the evidence and should not be disturbed (see, e.g., *MacDowall v Koehring Basic Constr. Equip.,* 49 NY2d 824). Finally, having not sued the City of New York directly, plaintiffs have no standing to challenge the dismissal of the third-party complaints. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.