■ BETH TIFF, Individually and as Mother and Natural Guardian of RALPH F. TIFF, III, an Infant, Respondent-Appellant, v AGWAY, INC., Appellant-Respondent, and ONEIDA LAKE PETROLEUM CORP., Doing Business as PENN CAN TRUCK STOP, et al., Respondents, et al., Defendants. [613 NYS2d 96] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We agree with the contention of defendant Agway, Inc., that Supreme Court erred in denying its motion for summary judgment. The record establishes that in the fall of 1984 Agway installed a propane tank with an attached regulator and hood on the premises of defendants Joseph and Karen Buczek. Agway placed the tank on two cinder blocks and installed copper tubing from the tank through a hole in the wall of the Buczek residence to the kitchen stove. At the request of Joseph Buczek, Agway placed the tank approximately 2 feet from the wall of the residence to allow him to excavate around the house to tar leaking basement walls. After the tank was installed, Joseph Buczek excavated an area next to his house. In February 1985 after the copper tubing was cut by ice falling from the roof, the Buczeks requested that Agway remove its propane system from their residence. Agway complied on February 27, 1985. The Buczeks subsequently installed a used tank without a hood and with a different type of regulator at the same spot where the Agway tank had been located. In installing that system, Joseph Buczek shortened the length of the copper tubing previously used by Agway. On March 31, 1986, plaintiff's infant was injured at the Buczek residence when he lost his balance and grabbed the copper tubing on the propane tank, causing the tank to tip over into the ditch and the regulator to break and release liquid propane onto him.

In the absence of duty, a defendant may not be held liable *(Pulka v Edelman,* 40 NY2d 781, 782). Here, Agway's duty ceased when it removed its propane tank, regulator and hood from the Buczek premises in February 1985. At that juncture, Agway no longer possessed any control over nor had any interest in the Buczek premises and, therefore, it had no duty

to protect third parties from dangerous conditions that subsequently arose on that property *(see, James v Stark,* 183 AD2d 873). Moreover, Agway cannot be held liable for failing to prevent the Buczeks from negligently installing their own propane system because it was without authority to control their acts *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8; *Pulka v Edelman, supra).*

Agway's conduct also cannot be seen as a proximate cause of the injuries of plaintiff's infant. Agway did not install the tank, which allegedly had an inappropriate regulator, that fell on plaintiff's infant and had no involvement in the excavation around the Buczek residence, which was left open for almost 18 months. Thus, even assuming that Agway was negligent in placing its propane tank on cinder blocks 2 feet from the Buczek residence and in leaving the blocks after removing the tank, Agway's actions at most provided the condition or occasion for the occurrence, not one of its causes *(see, Stone v Williams,* 64 NY2d 639, 642; *Sheehan v City of New York,* 40 NY2d 496, 503; *Rogers v Huggins,* 106 AD2d 621, 622). Consequently, Agway's motion for summary judgment must be granted and the complaint against Agway dismissed.

Supreme Court properly granted summary judgment dismissing the complaint against defendants Suburban Propane Gas Corporation and Oneida Lake Petroleum Corp. (Appeals from Order of Supreme Court, Oswego County, Nicholson, J.— Summary Judgment.) Present—Denman, P. J., Green, Lawton, Wesley and Callahan, JJ.