■ OTTAVIO TASSONE, Respondent, v CHRISTINE J. JOHANNEMANN et al., Defendants, and BARBARA K. CLARE et al., Appel-

lants. (And a Third-Party Action.) [648 NYS2d 708] —In an action to recover damages for personal injuries, the defendants Barbara K. Clare and Queens Quest, Inc., appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated January 26, 1996, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

The appellant Barbara K. Clare was the operator of a van owned by her co-appellant Queen Quest, Inc., which became disabled on a highway exit ramp to the Willis Avenue Bridge. The appellant promptly got out of her vehicle, and, aided by an unidentified passer-by, undertook to direct traffic away from the area. Another stranger, the third-party defendant Steven Carinci, an off-duty police officer, stopped his car and began to position flares on the roadway around the disabled vehicle. While all of this activity was afoot, the plaintiff stopped to volunteer his help, and crawled underneath the disabled van in an attempt to retrieve the appellant's spare tire. At this point the defendant Mary Crosby lost control of her vehicle and struck the appellant's van, injuring the plaintiff beneath it.

Accepting the plaintiff's account of the incident as true and according it the benefit of every favorable inference (see, e.g., Hylick v Halweil, 112 AD2d 400; Weiss v Garfield, 21 AD2d 156), we conclude that the doctrine of "danger invites rescue" is inapplicable here. That doctrine was intended to relieve a rescuer from a charge of negligence when rushing into danger to save another from imminent, life-threatening peril (Wagner v International Ry. Co., 232 NY 176; Ha-Sidi v South Country Cent. School Dist., 148 AD2d 580). There is nothing in the record to suggest that the plaintiff reasonably could have believed that the appellant Clare was "actually at risk of serious injury", or in imminent peril so as to justify the application of the "danger invites rescue" doctrine. The complaint should therefore be dismissed as to the appellants, because they are not culpable parties who placed themselves in a life-threatening predicament which invited rescue (cf., Provenzo v Sam, 23 NY2d 256). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.