■ ANTHONY P. RIOS, Respondent, v JAMES BRYANT et al., Appellants, and MICHAEL BIVONA et al., Respondents. [650 NYS2d

800] —In a negligence action to recover damages for personal injuries, the defendants James Bryant and N.W.S. Transportation, Ltd., appeal from an order of the Supreme Court, Queens County (Lane, J.), dated November 6, 1995, which denied their motion for summary judgment, in effect, dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents, the motion for summary judgment is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants James Bryant and N.W.S. Transportation, Ltd., and the action against the remaining defendants is severed.

The instant action arose out of a three-vehicle accident in which the plaintiff's vehicle collided with the rear of a van operated by the defendant James Bryant and owned by the defendant N.W.S. Transportation, Ltd. (hereinafter N.W.S.), which was stopped in the center lane of Interstate 95 due to mechanical failure. The plaintiff's vehicle was then hit in the rear by the defendant Michael Bivona as he swerved to the left lane in an effort to avoid the plaintiff's vehicle.

Once the movant has made a prima facie showing of entitlement to summary judgment, it is incumbent upon the party opposing the motion to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Here, the defendant Bryant averred that the van which he was driving, and which was regularly serviced, had no history of mechanical problems, and had close to a full tank of gas, suddenly and rapidly lost power. Because traffic was "whizzing by", he could not pull the van off the road, although he attempted to do so. As the van came to a stop, Bryant put on his emergency blinkers, called the emergency 911 telephone number from the van, and remained in the van, intending to exit once the plaintiff's vehicle, which Bryant could see approaching in his rear view mirror, had passed. However, the plaintiff's vehicle struck the rear of Bryant's van. Under these circumstances, the defendants Bryant and N.W.S. made a prima facie showing of entitlement to summary judgment and the plaintiff failed to come forward with any evidence of any negligent act or omission on the part of these defendants which proximately caused this accident (*see, Smith v Cafiero,* 203 AD2d 355; *Barnes v Lee,* 158 AD2d 414). Pizzuto, J. P., Santucci, Friedmann and Florio, JJ., concur.