■ SAM KATZ, Respondent, v MENDEL KLAGSBRUN et al., Defendants, and HAROLD BLATTER, Appellant. (Action No. 1.) MENDEL KLAGSBRUN et al., Respondents, v BRIAN S. McDERMOTT, Defendant, and HAROLD BLATTER, Appellant. (Action No. 2.) [750 NYS2d 308] —In two related actions to recover damages for personal injuries, etc., the defendant Harold Blatter appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 15, 2002, as denied his motion for summary judgment dismissing the complaints in both actions insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaints are dismissed insofar as asserted against the appellant, and the actions against the remaining defendants are severed.

These two actions arise from a multi-car accident that oc-

curred on July 24, 1998, on the Palisades Parkway. Harold Blatter (hereinafter the defendant) is named as a defendant in both actions because this three-car collision occurred after he stopped his car in the right travel lane of the roadway.

In every version of the accident, the defendant's car is stopped, is not hit by any other car, and the two cars closest to it (one in the same lane and one in the lane to its left), are able to stop safely at least a few feet away from it. Although the parties do not agree which car was the third one, there is no dispute that it was the third vehicle on the scene that did not stop in time. The third vehicle hit either one or both of the two cars that had stopped closer to the defendant's car. Clearly, the accident was caused by the driver of this third vehicle, who for some negligent or non-negligent reason failed to stop in time, and not by the appellant's car, the presence of which merely furnished the occasion for the accident. Where a party merely furnishes the occasion for an accident, but does not cause it, liability may not be imposed against him or her (see e.g. Williams v Envelope Tr. Corp., 186 AD2d 797; Rogers v Huggins, 106 AD2d 621).

Accordingly, the appellant was entitled to summary judgment dismissing the complaints insofar as asserted against him. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.