■ ANN T. ELY, Respondent, v JAMES W. PIERCE et al., Respondents, and NICHOLAS POSSEMATO et al., Appellants. [755 NYS2d 250] —In an action to recover damages for personal injuries and wrongful death, etc., the defendants Nicholas Possemato and Maria Possemato appeal from an order of the Supreme Court, Nassau County (Franco, J.), dated April 16, 2002, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The instant action arose out of an automobile accident which occurred on State Route 17 in Sanford, New York. The plaintiff's decedent was struck by a sport utility vehicle owned and operated by the defendant James Pierce. The decedent was apparently attempting to direct traffic away from the site of an earlier accident, which occurred when the defendant Nicholas Possemato lost control of his vehicle on the icy roadway and crashed into a guardrail along the shoulder of the highway. The first accident had rendered the Possemato vehicle inoperable. The plaintiff and Pierce claimed that the Possemato vehicle extended onto the driving lanes of the highway and contributed to the occurrence of the second accident. The defendants Nicholas Possemato and Maria Possemato moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that any negligence on the part of Nicholas Possemato was not a proximate cause of the second accident. The Supreme Court denied the motion, finding the existence of a triable issue of fact on the question of causation.

The Supreme Court erred in denying the motion. Although, in general, the issue of proximate cause is for the jury (see Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]; Sorrentino v Wild, 224 AD2d 607 [1996]), liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (see Williams v Envelope Tr. Corp., 186 AD2d 797 [1992]; Dunlap v City of New York, 186 AD2d 782 [1992]; Rogers v Huggins, 106 AD2d 621 [1984]). Here, the appellants demonstrated their entitlement to judgment as a matter of law by presenting evidentiary proof that Nicholas Possemato's conduct in operating his vehicle merely furnished the condition for the accident, and was not a proximate cause of the decedent's injuries and death.

In opposition, the plaintiff and Pierce failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the doctrine of "danger invites rescue" is inapplicable to the facts of this case (*see Tassone v Johannemann,* 232 AD2d 627 [1996]). Altman, J.P., Feuerstein, Smith and Townes, JJ., concur.