■ MARY HOWELL, Respondent, v BACC BUILDERS, INC., Appellant. [786 NYS2d 113]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated April 14, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was injured when a steel door fell on her while she was working as a maintenance worker in the first floor storage room of a Staples store. The defendant, while performing work on the second floor of the Staples store two months earlier, had removed the subject steel door and placed it in a corner on the same floor. The plaintiff alleged that the subject door was lying on its side in an upright position against the wall of the first floor storage room at the time of her accident.

The defendant moved for summary judgment dismissing the complaint on the ground that it neither created, nor had actual or constructive notice of, the alleged dangerous condition. The Supreme Court denied the motion, without stating any findings of fact or conclusions of law.

"Evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint" (*Sheehan v City of New York*, 40 NY2d

496, 501 [1976]; *see Albano v Brooklyn Union Gas Co.,* 288 AD2d 246 [2001]). Further, liability may not be imposed upon a party whose alleged negligence merely furnishes the condition or occasion for the occurrence of the event and is not the proximate cause of the accident (*see Saviano v City of New York,* 5 AD3d 581 [2004]; *Ely v Pierce,* 302 AD2d 489 [2003]).

The defendant demonstrated its prima facie entitlement to summary judgment by demonstrating that its alleged negligence was not the proximate cause of the accident (*see Ely v Pierce, supra*). The defendant submitted evidence establishing that it never returned to the premises after completing its work, and that the door was moved from the second floor to the first floor by a third party. Further, the defendant submitted evidence demonstrating that on at least two other occasions before the plaintiff's accident, the door fell while it was in an unsecured position against the wall in the storage room.

In opposition, the plaintiff failed to raise a triable issue of fact to defeat the motion. Therefore, the Supreme Court should have granted the defendant's motion for summary judgment. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.