■ Martin W. Schiff et al., Respondents, v Nicholas P. Possemato, Appellant, et al., Defendant. [807 NYS2d 443]—

Kane, J. Appeal from an order of the Supreme Court (McCarthy, J.), entered April 5, 2005 in Ulster County, which denied a motion by defendant Nicholas P. Possemato for summary judgment dismissing the complaint against him.

Defendant Nicholas P. Possemato (hereinafter defendant) lost control of his car in snowy conditions and spun into a guide rail on State Route 17 in the Town of Sanford, Broome County. At the accident site, Route 17 has two lanes traveling in each direction. The front of defendant's vehicle reportedly protruded about two feet into the lane closest to the shoulder. Although the car's motor was running immediately following the accident, defendant turned it off to briefly assess the situation and then the motor would not restart, rendering the car inoperable. James Ely stopped within a couple of minutes of the accident to render assistance and, after an additional couple of minutes passed, plaintiff Martin W. Schiff (hereinafter plaintiff) also stopped at the accident scene. Following a brief discussion with defendant and the summoning of police via plaintiff's cell phone, Ely and plaintiff started walking toward oncoming traffic while waving their arms, ostensibly to warn approaching vehicles of the accident ahead. They had walked about 30 to 40 feet along the road when a vehicle driven by defendant James Pierce started to skid as it approached them. Pierce lost control of his vehicle and it struck both Ely and plaintiff, causing Ely's death and injuries to plaintiff.

Ely's surviving spouse brought an action in Nassau County (hereinafter the Ely action) and the present action was commenced in Ulster County by plaintiff and his wife, derivatively. In both the Ely action and this action plaintiffs sued not only Pierce, but also defendant. The Ely action against defendant was dismissed by the Second Department on the ground that "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (*Ely v Pierce*, 302 AD2d 489,

489 [2003], *lv denied* 100 NY2d 505 [2003], citing *Williams v Envelope Tr. Corp.*, 186 AD2d 797 [1992]; *Dunlap v City of New York*, 186 AD2d 782 [1992], *lv denied* 81 NY2d 703 [1993]; *Rogers v Huggins*, 106 AD2d 621 [1984]). Defendant asserted that same ground as a basis for his summary judgment motion seeking dismissal of plaintiffs' action against him. Supreme Court denied the motion and this appeal ensued.

We reverse. Although plaintiffs have produced evidence in response to this motion which, viewed most favorably to them, may reflect a shorter overall time frame for the relevant events than was presented in the motion in the Ely action, we do not find this or the other proof produced on this motion sufficient to justify a different result in the case at bar than in the Ely action. We agree with the reasoning of the Second Department in *Ely v Pierce* (*supra*) (*see Esposito v Rea*, 243 AD2d 536 [1997]) and, accordingly, find that defendant's motion should have been granted.

Mercure, J.P., Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendant Nicholas P. Possemato's motion granted, summary judgment awarded to said defendant and complaint dismissed against him.