■ MARIE G. REMY et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, and NEW YORK

CITY DEPARTMENT OF TRANSPORTATION, Respondent. PEPSI COLA BOTTLING COMPANY OF NEW YORK, INC., et al., Third-Party Defendants. (And a Related Action.) [828 NYS2d 451]—

In an action, inter alia, to recover damages for wrongful death, which was joined for trial with a related action, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Mega, J.), dated June 1, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

These related actions arose out of a motor vehicle accident that occurred on the Staten Island Expressway (hereinafter the Expressway) on the afternoon of October 17, 2000. The accident occurred when a truck, owned by the third-party defendant Pepsi Cola Bottling Company of New York, Inc. (hereinafter Pepsi), and operated by the third-party defendant Jack S. Barasch, crashed into a truck (hereinafter the DOT truck) owned and operated by the defendants City of New York and the New York City Department of Transportation (hereinafter collectively the City defendants). The plaintiff's decedent, Jean Remy, a passenger in the Pepsi truck, was killed instantly. Just seconds before the crash, two DOT trucks had stopped in the right lane of the Expressway to remove graffiti from a wall adjacent to the Expressway. The rear DOT truck, known as an attenuator truck, had its hazard lights on as well as the left arrow indicator warning traffic that the right lane was closed. The Pepsi truck was traveling in the center lane at 50 miles per hour closely behind a large tractor-trailer. Barasch testified that the tractor-trailer obscured his view of the right lane. Notwithstanding his obstructed view, Barasch changed lanes, driving the Pepsi truck into the right lane of the Expressway, and striking the attenuator truck.

The City defendants, inter alia, moved for summary judgment dismissing the complaint, arguing that Barasch's operation of the Pepsi truck was the proximate cause of the accident. The Supreme Court granted the motion. We affirm.

The City defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the conduct of the City defendants' workers was not a proximate cause of the accident (*see Saviano v City of New York,* 5 AD3d

581, 582 [2004]; *Shatz v Kutshers Country Club,* 247 AD2d 375 [1998]; *Poggiali v Town of Babylon,* 219 AD2d 626, 627 [1995]; *Williams v Envelope Tr. Corp.,* 186 AD2d 797, 798 [1992]).

The actions of the City defendants' workers merely furnished the condition for the occurrence of the event, but they were not a proximate cause of the accident. The evidence proffered by the City defendants established, prima facie, that the accident was proximately caused solely by Barasch when he drove the Pepsi truck from the center lane into the right lane despite his obstructed view (*see Ely v Pierce,* 302 AD2d 489 [2003]; *Siegel v Boedigheimer,* 294 AD2d 560, 562 [2002]; *Lectora v Gundrum,* 225 AD2d 738, 739 [1996]; *Metzler v Brawley,* 209 AD2d 487 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact. Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.