■ MARIO PIRONTI, Respondent, v STEPHEN LEARY et al., Respondents-Appellants, and KIERAN J. PY et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. JACQUELYN HENNING, Third-Party Defendant-Respondent. [840 NYS2d 98]—

In an action to recover damages for personal injuries, the defendants Kieran J. Py and Jeffrey Py appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered April 27, 2006, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the defendants Stephen Leary and Nancy Leary cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross clams insofar as asserted against them, and the defendants Susan Foster and Dean Foster separately cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendants Kieran J. Py and Jeffrey Py for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof denying the cross motion of the defendants Susan Foster and Dean Foster for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendants Susan Foster and Dean Foster, and the defendants Kieran J. Py and Jeffrey Py.

On the night of July 10, 2003 a vehicle owned by the defendant Dean Foster and operated by the defendant Susan Foster was involved in an accident with a vehicle owned by the defendant Nancy Leary and operated by the defendant Stephen Leary. The Foster vehicle hit the Leary vehicle after the Leary vehicle overran a stop sign at the intersection of Maple Street and Woodside Avenue in Medford. After the accident, the Foster and Leary vehicles were stopped in the middle turning lane of Woodside Avenue, a four lane roadway, with part of the Leary vehicle protruding into the left lane of eastbound traffic. The defendant Kieran J. Py stopped to assist, parking his vehicle

inside the shoulder of the eastbound lanes and activating his hazard lights. The vehicle driven by the defendant Kieran J. Py was owned by the defendant Jeffrey Py. The defendants Stephen Leary, Kieran J. Py, Susan Foster, and the third-party defendant, Jacquelyn Henning, each testified that flares were placed in the road and people used glow sticks to warn oncoming traffic of the stopped vehicles.

Approximately 10 to 15 minutes after the accident between the Leary vehicle and the Foster vehicle, the plaintiff was driving his car in the left eastbound lane and he struck the Leary vehicle. Upon impact with the Leary vehicle, the plaintiff's airbag inflated, blocking his vision, after which his car struck the Py vehicle and stopped in the eastbound shoulder. The Foster vehicle was not hit by the plaintiff's car. The plaintiff testified that the road was dimly lit, he did not see glow sticks or flares, and he did not see the vehicles until a matter of seconds before he collided with the first vehicle.

The plaintiff sued the Learys, the Pys, and the Fosters for their alleged negligence as the operators or owners of the vehicles. Each group of defendants asserted cross claims against each other and the Pys commenced a third-party action against Jacquelyn Henning, who assisted in directing traffic after the first accident. Henning asserted cross claims against each of the defendants. The Pys moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the Learys cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the Fosters separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion and cross motions, finding that there were triable issues of fact. The Pys appeal and the Learys and the Fosters separately cross-appeal.

To establish a prima facie case of negligence, a plaintiff must show that a defendant's negligence was a substantial cause of the events which produced the injury (see Boltax v Joy Day Camp, 67 NY2d 617, 619 [1986]; Kush v City of Buffalo, 59 NY2d 26, 32-33 [1983]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). Generally, issues of proximate cause are to be decided by the jury (see Derdiarian v Felix Contr. Corp., supra at 315; Sorrentino v Wild, 224 AD2d 607 [1996]). However, in certain instances, "where only one conclusion may be drawn from the established facts," the question of proximate cause may be decided as a matter of law (Derdiarian v Felix Contr. Corp., supra at 315). Liability may not be imposed upon a party

who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes (*see Katz v Klagsbrun*, 299 AD2d 317, 318 [2002]; *Williams v Envelope Tr. Corp.*, 186 AD2d 797, 798 [1992]).

The Supreme Court properly denied the Learys' cross motion for summary judgment on the ground that there was a triable issue of fact as to whether the Leary vehicle was negligently left in the roadway, with part of the vehicle protruding into the left eastbound lane of traffic, and, if so, whether this negligence was a proximate cause of the plaintiff's accident (*see DeBartolo v Coccia*, 276 AD2d 663, 664 [2000]). However, the Supreme Court erred in denying the Pys' motion for summary judgment and the Fosters' cross motion for summary judgment. Those defendants satisfied their respective evidentiary burdens by showing that the placement of their vehicles did not cause or contribute to the plaintiff's accident, but merely furnished the conditions for the accident to occur (*see Katz v Klagsbrun, supra* at 318; *Williams v Envelope Tr. Corp., supra* at 798). In opposition to the Pys' motion and the Fosters' cross motion, the plaintiff did not submit any evidence of a negligent act or omission by those defendants that would have proximately caused the plaintiff's accident (*see Rios v Bryant*, 234 AD2d 441, 442 [1996]). Accordingly, the plaintiff failed to raise a triable issue of fact with respect to the liability of the Pys and the Fosters. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.