■ GABRIEL DIAZ et al., Appellants, v JAMES GREEN et al., Respondents, et al., Defendants. [849 NYS2d 597]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated October 19, 2006, as granted those branches of the separate motions of the defendants James Green and Margaret Foxman which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

At about midnight on August 19, 2004, the vehicle operated by the defendant James Green stalled in the right lane of the Palisades Parkway in Rockland County. Green immediately activated the hazard lights on his vehicle and unsuccessfully attempted to restart his vehicle using the ignition key. After a few minutes, the Green vehicle was struck in the rear by a vehicle operated by the defendant Margaret Foxman, and immediately thereafter the Foxman vehicle was struck by a vehicle operated by the defendant Peter Welby. The injured plaintiff, Gabriel Diaz, an off-duty police officer, observed the three-car accident and stopped to assist the drivers of the vehicles. After all of the drivers were evacuated from their respective vehicles onto the adjacent grassy area, the injured plaintiff walked back to the vehicles. While he was standing between the Foxman vehicle and the Welby vehicle, the vehicle operated by the defendant George Comninel struck the Welby vehicle causing it to strike and injure Diaz.

After the plaintiffs commenced this action, Green and Foxman moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted the motions.

In support of their respective motions for summary judgment, the respondents submitted prima facie evidence that their vehicles were disabled and that there was no opportunity to move their vehicles prior to the final impact by the Comninel vehicle (*see Gerse v Neyjovich*, 9 AD3d 384, 385 [2004]; *Siegel v Boedigheimer*, 294 AD2d 560, 562 [2002]). Furthermore, the

respondents established that their conduct merely furnished the conditions for the final impact, and was not the proximate cause of Diaz's injuries (*see Remy v City of New York*, 36 AD3d 602 [2007]; *Ely v Pierce*, 302 AD2d 489 [2003]; *Katz v Klagsbrun*, 299 AD2d 317, 318 [2002]; *Esposito v Rea*, 243 AD2d 536 [1997]). In opposition to the motions, the plaintiffs failed to raise a triable issue of fact (*see Pironti v Leary*, 42 AD3d 487, 490 [2007]; *Rios v Bryant*, 234 AD2d 441, 442 [1996]; *Smith v Cafiero*, 203 AD2d 355 [1994]).

Contrary to the plaintiffs' contention, the doctrine of "danger invites rescue" is inapplicable to the facts of this case (*see Ely v Pierce*, 302 AD2d at 490; *Tassone v Johannemann*, 232 AD2d 627, 628 [1996]).

Accordingly, the respondents' separate motions for summary judgment dismissing the complaint insofar as asserted against them were properly granted. Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.