■ Augusto Perez, Respondent, v Bergen-Passaic Elevator of N.Y., Inc., et al., Respondents, and Michel Marcelin et al., Appellants. [880 NYS2d 546]—

In an action to recover damages for personal injuries, the defendants Michel Marcelin and M.A.R. Operating Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated July 23, 2008, as, upon renewal, adhered to a prior determination in an order dated January 9, 2008, denying their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the order dated January 9, 2008, is vacated, and the motion of the defendants Michel Marcelin and M.A.R. Operating Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff alleged that he was riding a bicycle on a one-way street when a white truck owned by the defendant Bergen-Passaic Elevator of N.Y., Inc., and operated by Alex Palau, traveling to the left of the plaintiff, struck the rear of the bicycle. The plaintiff then allegedly came into contact with a vehicle oper-

ated by the defendant Michel Marcelin and owned by the defendant M.A.R. Operating Corp. (hereinafter together the defendants), which was to the right of him. Upon renewal, the defendants submitted evidence sufficient to establish, prima facie, that Marcelin did not contribute to the injury-producing event (*see generally Diaz v Green*, 47 AD3d 612 [2008]; *Ely v Pierce*, 302 AD2d 489 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, upon renewal, the Supreme Court should have granted the defendants' motion for summary judgment. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.