■ Wendy Flederbach et al., Appellants, v Jack C. Lennett, Respondent. [885 NYS2d 325]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 28, 2008, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

At approximately 7:00 A.M. on January 27, 2003 two accidents occurred on Vanderbilt Parkway in Dix Hills. The first accident was between the defendant and a second driver, allegedly as a result of snow and icy conditions on the road. The plaintiff Wendy Flederbach observed the accident, stopped her vehicle

and, in the company of other passing motorists, attempted to aid the defendant, who appeared to be injured inside his immobilized vehicle, situated parallel to the side of the road. After speaking to the defendant for a few minutes through his rear car window, Flederbach sustained injuries after being struck by a third approaching vehicle, which was allegedly speeding despite the icy conditions.

As a result, Flederbach and her husband Charles Flederbach (hereinafter the plaintiffs) suing derivatively, commenced this action alleging, inter alia, that the defendant's negligence in the operation of his vehicle caused the first accident and created an emergency and a need for rescue, making him liable under the "danger invites rescue" doctrine (*see* PJI 2:13). Following discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. We affirm.

In support of his motion for summary judgment, the defendant established his prima facie entitlement to judgment as a matter of law by presenting evidentiary proof that he was not negligent in causing the second accident (*see Diaz v Green,* 47 AD3d 612 [2008]; *Schiff v Possemato,* 25 AD3d 839 [2006]), but that his conduct merely furnished the condition for the second accident, and was not the proximate cause of the plaintiffs' injuries (*see Remy v City of New York,* 36 AD3d 602, 604 [2007]; *Ely v Pierce,* 302 AD2d 489, 490 [2003]; *Katz v Klagsbrun,* 299 AD2d 317, 318 [2002]; *Esposito v Rea,* 243 AD2d 536 [1997]). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact (*see Pironti v Leary,* 42 AD3d 487, 490 [2007]; *Rios v Bryant,* 234 AD2d 441, 442 [1996]; *Smith v Cafiero,* 203 AD2d 355 [1994]).

Contrary to the plaintiffs' contention, the doctrine of "danger invites rescue" is inapplicable to the facts of this case. That doctrine "was intended to relieve a rescuer from a charge of negligence when rushing into danger to save another from imminent, life-threatening peril" (*Finnocchiaro v Napolitano,* 52 AD3d 463, 465 [2008], quoting *Tassone v Johannemann,* 232 AD2d 627, 628 [1996]; *see Provenzo v Sam,* 23 NY2d 256, 260 [1968]; *Wagner v International Ry. Co.,* 232 NY 176, 180 [1921]). It also applies against a party who "*by his* [or her] *culpable act* has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his aid" (*Guarino v Mine Safety Appliance Co.,* 25 NY2d 460, 464 [1969] [internal quotation marks omitted]; *see Wagner v International Ry. Co.,* 232 NY 176, 180 [1921]; *Khalil v Guardino,* 300 AD2d

360, 362 [2002]; *Ha-Sidi v South Country Cent. School Dist.,* 148 AD2d 580, 582 [1989]).

Here, there is nothing in the record to suggest that the defendant was a culpable party who voluntarily placed himself in "imminent, life-threatening peril" which invited rescue (*Tassone v Johannemann,* 232 AD2d at 628; *see Finnocchiaro v Napolitano,* 52 AD3d at 465; *Diaz v Green,* 47 AD3d at 613; *Ely v Pierce,* 302 AD2d at 490). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.