■ BLAGIO RESTAURANT, INC., Appellant, et al., Plaintiff, v C.E. PROPERTIES, INC., et al., Respondents, et al., Defendant. [888 NYS2d 781]—

In an action, inter alia, to recover damages for injury to property, the plaintiff Blagio Restaurant, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 25, 2008, as, in ef-

fect, granted that branch of the motion of the defendants C.E. Properties, Inc., and Carlos Errico, and that branch of the separate motion of the defendant Consumers Edge, LLC, doing business as Direct Buy of Brooklyn and Queens, which were for summary judgment dismissing the complaint insofar as asserted by it against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On March 30, 2005, the plaintiff Blagio Restaurant, Inc. (hereinafter the appellant), was damaged by a fire which was started when a vehicle belonging to the defendant Stanley Boatwright spontaneously burst into flames. At the time, the vehicle was parked in a portion of the premises leased by the appellant from the defendant C.E. Properties, Inc. (hereinafter CE Properties). Boatwright was using this parking space while shopping at the defendant Consumers Edge, LLC, doing business as Direct Buy of Brooklyn and Queens (hereinafter Consumers), another tenant at the premises.

In response to the showing by CE Properties, Carlos Errico, and Consumers (hereinafter the movants) that their actions in permitting the vehicles of Consumers' customers to park in an area immediately adjacent to the plaintiff's premises were not a proximate cause of that fire, but at most "merely furnished the condition or occasion for the occurrence of the event" (*Sheehan v City of New York,* 40 NY2d 496, 503 [1976]), the appellant failed to raise a triable issue of fact as to whether those actions were a proximate cause of its damages. Accordingly, the Supreme Court properly, in effect, granted those branches of the movants' motions which were for summary judgment dismissing the complaint insofar as asserted by the appellant against them (*see Flederbach v Lennett,* 65 AD3d 1011 [2009]; *Madir v 21-23 Maiden Lane Realty, LLC,* 9 AD3d 450, 452 [2004]; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The appellant's remaining contentions are academic in light of our determination. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.