Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered August 15, 2014. The order denied the motion of defendant Drumm Family Farm, Inc. for summary judgment dismissing the complaint and cross claims against it.
It is hereby ordered that the order so appealed from is re *1563 versed on the law without costs, the motion is granted and the complaint and all cross claims against defendant Drumm Family Farm, Inc. are dismissed.
Memorandum: This personal injury and wrongful death action arises from a motor vehicle accident in which plaintiff’s wife (decedent) was struck on Curtis Coopers Road, in Steuben County, by a vehicle driven by defendant Leah A. Jamison and owned by defendant Angela J. Jamison (collectively, Jamison defendants). The parties agree that decedent stopped her vehicle on the southbound side of that road, facing south, and exited her vehicle. Plaintiff alleges that decedent stopped her vehicle because a newly born calf that escaped from a farm owned by defendant Drumm Family Farm, Inc. (Drumm Farm) had wandered on or near the road, and decedent exited her vehicle to assist the calf. The parties further agree that both decedent and the calf were in the northbound lane when they were struck by the Jamison defendants’ vehicle. Plaintiff contends that Drumm Farm was negligent in allowing the calf to escape from its farm, and that such negligence was a proximate cause of decedent’s death. We agree with Drumm Farm that Supreme Court erred in denying its motion for summary judgment dismissing the complaint and all cross claims against it.
Although “a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal ... is negligently allowed to stray from the property on which the animal is kept” (Hastings v Sauve, 21 NY3d 122, 125-126 [2013]; see Sargent v Mammoser, 117 AD3d 1533, 1534 [2014]), “liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes” (Ely v Pierce, 302 AD2d 489, 489 [2003], lv denied 100 NY2d 505 [2003]; see Castillo v Amjack Leasing Corp., 84 AD3d 1298, 1298-1299 [2011], lv denied 17 NY3d 711 [2011]; see generally Sheehan v City of New York, 40 NY2d 496, 503 [1976]). Here, in support of its motion, Drumm Farm established that any negligence on its part in allowing the calf to escape merely “created the opportunity for plaintiff to be standing [in the roadway], [but] it did not cause [her] to stand” there (Hurlburt v Noble Envtl. Power, LLC, 128 AD3d 1518, 1519 [2015]; see Akinola v Palmer, 98 AD3d 928, 929 [2012]). “In short, the [alleged] negligence of [Drumm Farm] merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316 [1980], rearg denied 52 NY2d 784 [1980]; see Papadakis v HM Kelly, Inc., 97 AD3d 731, 732 [2012]; see generally Barnes v Fix, 63 AD3d 1515, *1564 1516 [2009], lv denied 13 NY3d 716 [2010]). Importantly, plaintiff does not contend, and did not submit any evidence that would establish, that the calfs presence in the road blocked decedent’s ability to travel in the southbound lane or otherwise forced decedent to stop her vehicle. Thus, Drumm Farm established as a matter of law that its “alleged negligent act, at most, caused the [calf to wander] out of the field, which was not the immediate cause of the accident” (Lee v New York City Hous. Auth., 25 AD3d 214, 219 [2005], lv denied 6 NY3d 708 [2006]; see Schiff v Possemato, 25 AD3d 839, 839-840 [2006] ), and plaintiff failed to raise a triable issue of fact in opposition (see Gerrity v Muthana, 28 AD3d 1063, 1064 [2006], affd 7 NY3d 834 [2006]; Wechter v Kelner, 40 AD3d 747, 748 [2007] , lv denied 9 NY3d 806 [2007]).
All concur except Whalen, J., who dissents and votes to affirm in the following memorandum.