■ Rose-Land Pierre, as Administratrix of the Estate of Russell Larsen, Deceased, Respondent, v David Olshever et al., Respondents, and Joseph Aiuto, Appellant. [29 NYS3d 392]—

In an action, inter alia, to recover damages for wrongful death, the defendant Joseph Aiuto appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered March 29, 2015, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs, and the motion of the defendant Joseph Aiuto for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

On March 10, 2011, at approximately 5:52 a.m., while driving westbound on a two-lane service road of the Long Island Expressway near its intersection with Roslyn Road in East Hills, the defendant Joseph Aiuto lost control of his vehicle while allegedly trying to avoid debris in the roadway, at which point his vehicle left the roadway and struck a tree, causing the vehicle to flip onto its driver's side and come to rest in a portion of the right travel lane. Approximately 10 to 15 minutes later, after Aiuto had already exited his vehicle and walked to the opposite side of the roadway and stood on a grassy area of the shoulder, Russell Larsen (hereinafter the decedent), who was working for nonparty United States Postal Service at the time of the accident, stopped his truck in the right travel lane behind the Aiuto vehicle, blocking the right lane. After exiting his truck and as he was walking in the left travel lane towards the overturned Aiuto vehicle, the decedent was struck by a vehicle owned by the defendant Diane Nenadich and operated by the defendant David Olshever in the left travel lane. As a result of the subject accident, the plaintiff, as administrator of the estate of the decedent, brought this action against Aiuto, Olshever, and Nenadich to recover damages for wrongful death and personal injuries. Aiuto moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion.

In support of his motion for summary judgment, Aiuto established his prima facie entitlement to judgment as a matter of law by presenting evidentiary proof that he was not negligent in causing the accident involving the decedent and

the vehicle operated by Olshever (*see Flederbach v Lennett*, 65 AD3d 1011 [2009]; *Diaz v Green*, 47 AD3d 612 [2008]), and that his conduct merely furnished the condition for the accident involving the decedent, and was not a proximate cause of the decedent's injuries and resulting death (*see Flederbach v Lennett*, 65 AD3d at 1011; *Diaz v Green*, 47 AD3d at 613; *Remy v City of New York*, 36 AD3d 602, 604 [2007]; *Ely v Pierce*, 302 AD2d 489, 490 [2003]; *Katz v Klagsbrun*, 299 AD2d 317, 318 [2002]; *Esposito v Rea*, 243 AD2d 536 [1997]). In opposition to the motion, neither the plaintiff nor Olshever and Nenadich raised a triable issue of fact (*see Flederbach v Lennett*, 65 AD3d at 1011; *Diaz v Green*, 47 AD3d at 613; *Pironti v Leary*, 42 AD3d 487, 490 [2007]; *Rios v Bryant*, 234 AD2d 441, 442 [1996]; *Smith v Cafiero*, 203 AD2d 355 [1994]). Contrary to the finding of the Supreme Court, as well as the contentions of the plaintiff, and Olshever and Nenadich, the doctrine of "danger invites rescue" is inapplicable to the facts of this case (*see Flederbach v Lennett*, 65 AD3d at 1011; *Diaz v Green*, 47 AD3d at 612; *Ely v Pierce*, 302 AD2d at 490). There is nothing in the record to suggest that Aiuto was a culpable party who voluntarily placed himself in imminent, life-threatening peril which invited rescue (*see Flederbach v Lennett*, 65 AD3d at 1011; *Diaz v Green*, 47 AD3d at 612).

Accordingly, the Supreme Court erred in denying Aiuto's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.