Corpin v Derive Tech., LLC (2022 NY Slip Op 04896)

Corpin v Derive Tech., LLC

2022 NY Slip Op 04896

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-01586
 (Index No. 709775/16)

[*1]Joy Corpin, appellant, 
v
Derive Technology, LLC, respondent (and a third-party action).

Steven Adam Rubin & Associates, PLLC, New York, NY, for appellant.
Kennedys Law LLP, New York, NY (Sean T. Burns and Tracy F. Goldberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated September 26, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
According to the plaintiff's deposition testimony, on March 11, 2015, the plaintiff, a nurse at Mount Sinai Beth Israel Hospital, was rolling a computer cart on wheels, when a wheel came off the cart. The plaintiff held the cart to keep it from toppling down, because she did not want the monitor damaged. She then pushed it up against the wall and held it to secure it and prevent it from falling on people in the hallway. The plaintiff was asked to lift the cart so her coworkers could re-attach the wheel. She lifted the cart from underneath "with all" of her strength and injured her back. At her deposition, the plaintiff testified that when the wheel came off on a prior occasion, the engineering department was called.
The plaintiff commenced the instant action against the defendant, Derive Technology, LLC, which was charged with maintaining and repairing the equipment. The defendant moved for summary judgment dismissing the complaint, claiming, inter alia, that the sole proximate cause of the accident was the plaintiff's act of lifting the cart on her own. In opposition, the plaintiff asserted that she was compelled to aid with the repair pursuant to the doctrine of "danger invites rescue."
The Supreme Court, in the order appealed from, granted the defendant's motion for summary judgment on the ground that the sole proximate cause of the accident was the plaintiff lifting the cart in an attempt to repair it. The court held that the concept of "danger invites rescue" was inapplicable. The plaintiff appeals.
Pursuant to the concept of danger invites rescue, the risk that a plaintiff would attempt to rescue the victim of the defendant's negligence, "if only it be not wanton," is a foreseeable risk (Wagner v International Ry. Co., 232 NY 176, 180). The danger invites rescue principle only applies if there is evidence that the victim to be rescued—in this case other persons using the hallway—is in "'imminent and life-threatening peril'" (Raldiris v Enlarged City Sch. Dist. of Middletown, 179 [*2]AD3d 1111, 1115, quoting Flederbach v Lennett, 65 AD3d 1011, 1012).
The plaintiff argues that the cart had to be fixed, to avoid it from toppling over on someone using the hallway. However, at her deposition, she testified that she did not want the cart to topple over because she did not want the monitor to be damaged. She was able to secure the cart by holding it against the wall. On these facts, the concept of danger invites rescue did not apply. Rather, the defendant merely furnished an occasion for the accident, which is not sufficient to impose liability (see Riccio v Kid Fit, Inc., 126 AD3d 873; see also Polgano v New York City Educ. Constr. Fund, 6 AD3d 222).
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court