Lancer Ins. Co. v Cortes (2022 NY Slip Op 05160)

Lancer Ins. Co. v Cortes

2022 NY Slip Op 05160

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-09298
2019-14376
 (Index No. 700548/17)

[*1]Lancer Insurance Company, etc., plaintiff-respondent,
v
Daniel Pascual Cortes, defendant/second third-party plaintiff-respondent, Denise Pierre Ebony, defendant third-party plaintiff/third third-party plaintiff-respondent; Umer Azam, third-party defendant/second third-party defendant, Sumra Najmul, et al., second third-party/third third-party defendants-appellants.

Eric D. Feldman, Melville, NY (David Holland and Jennifer M. Belk of counsel), for second third-party/third third-party defendants-appellants.
Baker McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for defendant/second third-party plaintiff-respondent.
Michael Ferro (James G. Bilello, Hicksville, NY [Yamile Al-Sullami], of counsel), for defendant third-party plaintiff/third third-party plaintiff-respondent.

DECISION & ORDER
In a subrogation action to recover damages for injury to property, the second third-party/third third-party defendants, Sumra Najmul and Heera Singh, appeal from (1) an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered July 2, 2019, and (2) an order of the same court entered November 15, 2019. The order entered July 2, 2019, granted the motion of the defendant third-party plaintiff/third third-party plaintiff, Denise Pierre Ebony, for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against her and the cross motion of the defendant/second third-party plaintiff, Daniel Pascual Cortes, for summary judgment, in effect, dismissing the complaint and all cross claims and counterclaims insofar as asserted against him. The order entered November 15, 2019, denied the motion of the second third-party/third third-party defendants, Sumra Najmul and Heera Singh, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue their opposition to the motion of the defendant third-party plaintiff/third third-party plaintiff, Denise Pierre Ebony, for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against her and the cross motion of the defendant/second third-party plaintiff, Daniel Pascual Cortes, for summary judgment, in effect, dismissing the complaint and all cross claims and counterclaims insofar as asserted against him.
ORDERED that the appeal from the order entered November 15, 2019, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered July 2, 2019, as granted those branches of the motion of the defendant third-party plaintiff/third third-party plaintiff, Denise Pierre Ebony, which were for summary judgment dismissing the complaint and the cross claims [*2]asserted against her by the defendant/second third-party plaintiff, Daniel Pascual Cortes, and granted those branches of the cross motion of the defendant/second third-party plaintiff, Daniel Pascual Cortes, which were for summary judgment, in effect, dismissing the complaint and the cross claims asserted against him by the defendant third-party plaintiff/third third-party plaintiff, Denise Pierre Ebony, is dismissed, as the second third-party/third third-party defendants, Sumra Najmul and Heera Singh, are not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order entered July 2, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff/third third-party plaintiff, Denise Pierre Ebony, and the defendant/second third-party plaintiff, Daniel Pascual Cortes.
In January 2017, the plaintiff commenced this subrogation action against Daniel Pascual Cortes and Denise Pierre Ebony to recover damages for injury to its insured's property arising out of a four-vehicle collision which occurred in September 2016 on the Grand Central Parkway in Queens County. Ebony commenced a third-party action against Umer Azam and Cortes commenced a second third-party action against Azam and Najmul Sumra, sued herein as Sumra Najmul (hereinafter Najmul), and Heera Singh. Ebony thereafter commenced a third third-party action against Najmul and Singh (hereinafter together the appellants). In their respective answers to the second and third third-party complaints, the appellants asserted claims, denominated as cross claims and counterclaims, against Cortes and Ebony for common-law indemnification and contribution. Ebony then moved for summary judgment, inter alia, dismissing the cross claims and counterclaims asserted against her by the appellants, and Cortes cross-moved for summary judgment, inter alia, in effect, dismissing the cross claims and counterclaims asserted against him by the appellants. In an order entered July 2, 2019 (hereinafter the July 2019 order), the Supreme Court granted the motion and the cross motion. Thereafter, the appellants moved for what they denominated as leave to renew and reargue their opposition to the motion and the cross motion. In an order entered November 15, 2019 (hereinafter the November 2019 order), the court denied their motion. The appellants appeal from both orders.
With respect to the July 2019 order, the Supreme Court properly granted that branch of Ebony's motion which was for summary judgment dismissing the appellants' cross claims and counterclaims asserted against her and that branch of the cross motion of Cortes which was for summary judgment, in effect, dismissing the appellants' cross claims and counterclaims asserted against him. "Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident" (Nesbitt v Gallant, 149 AD3d 763, 763; see Grasso v Nassau County, 180 AD3d 1008, 1010). Liability cannot be imposed against a party who merely furnishes the occasion for an accident, but does not cause it (see Katz v Klasgburn, 299 AD2d 317, 317). Here, Ebony and Cortes each established, prima facie, their entitlement to judgment as a matter of law by demonstrating that any negligence on their part merely furnished the occasion for the four-vehicle accident but was not a proximate cause of the accident (see Sheehan v City of New York, 40 NY2d 496, 503; Kante v Tong Fei Chen, 176 AD3d 928, 929-930). In support of her motion, Ebony submitted transcripts of her deposition testimony, and the deposition testimony of Cortes and Azam, and Cortes relied on these transcripts in support of his cross motion. Ebony averred at her deposition that, on the night at issue, she was driving below the speed limit but, due to a wet road condition, her vehicle began hydroplaning and came to a stop in the right lane without striking any other vehicle and she immediately engaged her hazard lights. Cortes testified at his deposition that, on the date at issue, he was operating his vehicle and observed Ebony's stopped vehicle, turned on his hazard lights, and stopped 12 to 15 feet behind Ebony's vehicle, also without incident. He also testified that there was "no traffic" at that time. Their submissions also established that, approximately one minute after Cortes's vehicle came to a stop, Cortes felt the first impact to the rear of his vehicle and that he felt a total of three or four impacts to the rear of his vehicle. In opposition, Najmul, the owner of the third vehicle and Singh, the operator of the third vehicle, failed to raise a triable issue of fact. Notably, Singh did not submit an affidavit providing his version of the events nor did he deny that it was his vehicle that struck Cortes's vehicle in the rear. Likewise, the plaintiff and Azam, [*3]the operator of the fourth vehicle, failed to raise a triable issue of fact in opposition to the prima facie showing of Ebony and Cortes with respect to the issue of liability and proximate cause (see Kante v Tong Fei Chen, 176 AD3d at 930).
With respect to the November 2019 order, the motion by the appellants, denominated as one for leave to renew and reargue, was, in actuality, a motion for leave to reargue because it was not based upon "new facts" and did not offer a reasonable justification for the appellants' failure to present such facts in opposition to the motion and the cross motion (see Jones v Amiee Lynn Accessories, 38 AD3d 613; DeFreitas v Board of Educ. of City of Mount Vernon Dist. No. 416, 129 AD2d 672, 673). Thus, the appeal from the November 2019 order, which denied their motion, must be dismissed, as the denial of reargument is not appealable (see Metro-Gem Leasing & Funding Corp. v Dancy Auto Group, LLC, 183 AD3d 619, 620; DeFreitas v Board of Educ. of City of Mount Vernon Dist. No. 416, 129 AD2d at 673).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court