■ MARIA RODRIGUEZ, as Administratrix of the Estate of FELIX RODRIGUEZ, Deceased, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. — In a wrongful death claim which accrued in Orange County, the claimant appeals from a judgment of the Court of Claims (Modugno, J.), entered May 24, 1979, which, after a nonjury trial, dismissed the claim. Judgment affirmed, without costs or disbursements. The claim here arose out of an accident which occurred on the New York State Thruway near Cornwall, New York. According to the evidence at trial, the defendant was engaged in construction work in the area and had erected a foot high barrier consisting of timbers to which reflectors mounted on metal bars were affixed. The barrier began at the right-hand shoulder of the northbound roadway and continued to the left across one and three quarters of the two-lane highway. The barrier compelled northbound traffic to follow a temporary detour route which had been laid out on the median divider. Beginning at a distance of a mile before the site, signs warned traffic of the construction and impending detour and established a reduced speed limit of 40 miles per hour through the area. On August 15, 1972, at approximately 3:45 P.M., Manuel Bromberg was driving northward on the Thruway in his 1971 Renault automobile. He was driving in the right-hand lane as he approached the construction site and took note of the warning signs. Although he reduced his speed to the 40-mile-per-hour limit, Bromberg's car nevertheless mounted the barrier with its right front and rear wheels. Its left wheels remained on the roadway, however, and the car continued moving for some 350 feet before it came to a halt. Bromberg was then unable to drive off the barrier. When traffic permitted, Bromberg exited the vehicle and was joined by James Burgess, an employee of the construction company working on the job. They inspected the vehicle but were unable to come up with a way to extricate it from the barrier. At about this time, Felix Rodriguez, the claimant's decedent, arrived on the scene. He had been driving southbound when he observed Bromberg's predicament. He stopped his own car in the center divider, and then crossed the northbound lanes on foot to join Bromberg and Burgess. Rodriguez told them that he thought there was a fire underneath Bromberg's vehicle, and he led the other two men onto the roadway near the rear of the car where they crouched down to look underneath it. They determined, however, that there was no fire. As they arose, a 1966 Volkswagen, driven by Larry Rawson, struck the barrier and the left rear of Bromberg's car. The Volkswagen then struck each of the three men, killing Rodriguez instantly and injuring both Bromberg and Burgess. In its findings following trial, the court adverted to the testimony of the claimant's expert who stated that the detour structures did not conform to the provisions of the Manual of Uniform Traffic Control Devices. The court held, however, that the claimant had failed to prove that the failure to conform to those provisions had been the proximate cause either of the Bromberg vehicle mounting the timber or of the Rawson vehicle striking Rodriguez. Instead, the court held that "the inattention, excessive speed, and negligence of Larry Rawson was the proximate cause of Felix Rodriguez's death." Additionally, the court found that "the defendant ha[d] sustained its burden of proving that the decedent assumed a risk of injury to himself and negligently contributed to his demise." We do not reach the issue of causation since we agree with the trial court that the claim has been defeated by proof that the decedent Rodriguez was contributorily negligent. In attempting to counter the defense of contributory negligence, the

claimant relied on the doctrine of "danger invites rescue". That doctrine was born of the principle that "[t]he law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons." *(Eckert v Long Is. R.R. Co.,* 43 NY 502, 506.) Thus, conduct which would ordinarily be deemed negligent and by which the actor places himself in danger may be judged reasonable if undertaken to effect the rescue of another who has been wrongfully placed in peril. And the wrongdoer is responsible for the injuries of the rescuer as well as for those of the imperiled victim for, although he "may not have foreseen the coming of a deliverer [h]e is accountable as if he had." *(Wagner v International Ry. Co.,* 232 NY 176, 180.) Nevertheless, the "danger invites rescue" doctrine does not cast the wrongdoer in damages to the rescuer regardless of how the rescue is attempted, for the doctrine does not free the rescuer from his obligation to proceed with as much care as the circumstances will allow. As the Court of Appeals said in *Provenzo v Sam* (23 NY2d 256, 260): "The doctrine was first created to avoid a plaintiff being found contributorily negligent as a matter of law when he voluntarily placed himself in a perilous situation to prevent another person from suffering serious injury or death * * * This is not to say, however, that after a plaintiff has established the necessary elements for the implementation of the doctrine that he can no longer be found contributorily negligent. He must still show that in attempting the rescue he acted as a reasonable man under the circumstances." Whether the rescuer acted reasonably in light of the emergency confronting him is generally a question for the trier of the facts. (See, e.g., *Wagner v International Ry. Co., supra,* p 182; *Rossman v La Grega,* 28 NY2d 300, 304; *Hart v Scribner,* 44 AD2d 59, 64.) In the case at bar, the decedent's action was prompted by what he reasonably believed to be circumstances endangering the life and safety of Bromberg and of Burgess. Nevertheless, the court, sitting as the trier of the facts, found that, in choosing to stand on the roadway while examining Bromberg's vehicle, the decedent had not acted as a reasonable man under the circumstances. On this record, we cannot say that that finding was erroneous. Accordingly, the judgment must be affirmed. Mollen, P.J., Titone, Margett and O'Connor, JJ., concur.