■ RAZHEL HA-SIDI, an Infant, by His Mother and Natural

Guardian, HARRIET HA-SIDI, et al., Appellants, v SOUTH COUN-
TRY CENTRAL SCHOOL DISTRICT et al., Defendants, and RAY-
MOND HOYE, Respondent.—In an action to recover damages for
personal injuries, etc., the plaintiffs appeal from a judgment of
the Supreme Court, Suffolk County (Underwood, J.), entered
September 7, 1988, which, upon granting the motion of the
defendant Raymond Hoye for judgment during trial, made at
the close of their evidence, for failure to make out a prima
facie case, dismissed the complaint as against him.

Ordered that the judgment is affirmed, with costs.

On June 16, 1982, the plaintiff Razhel Ha-Sidi (hereinafter
Razhel), a 13-year-old eighth-grade student at the Bellport
Middle School in Suffolk, was injured while attempting to
break up a fight between two classmates. The plaintiffs subse-
quently commenced this negligence action, including as defen-
dants Raymond Hoye and Edward Clanton, the participants in
the fight.

At the trial against the defendants Hoye and Clanton in
November 1987, Razhel testified that during an English class
on June 16, 1982, there was a verbal argument between Hoye
and Clanton. At the end of class, the dispute between Clanton
and Hoye escalated into a fight in the hallway outside of their
English classroom. After observing the two combatants punch-
ing and exchanging blows to the upper body, Razhel and
another boy, Steven Flynn, intervened and unsuccessfully
attempted to pull Clanton and Hoye away from each other.
After this failed attempt, Razhel returned inside the English
classroom to ask his teacher to break up the fight, but after
receiving no response, he returned to the hallway. At this
point, although Clanton and Hoye were still punching and
swinging at each other, they were "slowing down". Razhel
then intervened a second time, grabbing Hoye's arms from
behind and attempting to pull him away, while Flynn at-
tempted to restrain Clanton in a similar manner. While
attempting to pull Hoye backwards, Razhel lost his balance
and fell, and Hoye fell on top of him, resulting in injuries to
the plaintiff's left knee and ankle. An essentially similar
account of the fight by Hoye at an examination before trial
was also offered by the plaintiffs as evidence.

Upon the conclusion of plaintiffs' case, the defendant Hoye
moved to dismiss the complaint, contending that the plaintiffs
had failed to establish actionable negligence on his part. The
plaintiffs opposed the motion, contending that a prima facie
case had been established pursuant to the "danger invites

rescue" doctrine. The trial court granted the defendant's motion to dismiss, finding this doctrine inapplicable to the circumstances of this case. We agree.

The "danger invites rescue" doctrine was born of the principle that "the law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons" *(Eckert v Long Is. R. R. Co.,* 43 NY 502, 506; *Rodriguez v New York State Thruway Auth.,* 82 AD2d 853, 854). The doctrine was created to avoid a plaintiff being found contributorily negligent as a matter of law when he voluntarily placed himself in a perilous situation to prevent another person from suffering serious injury or death *(see, Wagner v International Ry. Co.,* 232 NY 176, 180; *Rodriguez v New York State Thruway Auth., supra).* The doctrine was subsequently expanded to create a duty of care towards a potential rescuer where one party, by his culpable act, has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his aid *(Provenzo v Sam,* 23 NY2d 256, 260; *see also, Lafferty v Manhasset Med. Center Hosp.,* 79 AD2d 996). The doctrine also encompasses a situation where the culpable party has placed himself in a perilous situation which invites rescue *(Provenzo v Sam, supra).*

In the instant case, accepting the plaintiffs' evidence as true and according it the benefit of every favorable inference which can reasonably be drawn therefrom *(see, Hylick v Halweil,* 112 AD2d 400; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366), we conclude that the doctrine is inapplicable to the circumstances herein. In the absence of any testimony from which it can be inferred either that Clanton or Hoye was actually at risk of serious injury, or that Razhel reasonably believed them to be at risk, we find that this altercation between two eighth-grade students did not rise to the level of a perilous situation which invited rescue. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.