■ JACK GIFFORD et al., Respondents-Appellants, v DAWN HALLER et al., Appellants, and FUTURE MOBILE & MODULAR HOMES, INC., et al., Respondents. [710 NYS2d 187] —Lahtinen, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered October 27, 1999 in Greene County, which denied a motion by defendants Dawn Haller and Robert Haller for summary judgment and granted a motion by defendants Future Mobile & Modular Homes, Inc. and Gambro Corporation for summary judgment dismissing the complaint against them.

Plaintiffs and defendants Dawn Haller (hereinafter defendant) and Robert Haller* live in the Millbrook Trailer Park which is owned and operated by defendants Future Mobile & Modular Homes, Inc. and Gambro Corporation (hereinafter the corporate defendants). On August 9, 1997 defendant, accompanied by her then five-year-old daughter, was driving her vehicle through the trailer park on her way home from her sister's residence, stopping to inform residents she saw of impending road construction in the trailer park. Defendant and plaintiff Jack Gifford (hereinafter plaintiff), who was also driving his vehicle, met going in opposite directions, stopped and discussed the construction from their vehicles and then

---

* Robert Haller was named a defendant as owner of the vehicle operated by Dawn Haller.

drove on. Plaintiff proceeded to park his vehicle at his trailer while defendant stopped at the next trailer to speak to the resident. Defendant parked her vehicle and exited with her daughter but left the vehicle running. As plaintiff emerged from his vehicle he noticed defendant's vehicle rolling slowly backward and, believing that defendant's daughter was still in the van, attempted to jump in the driver's seat of the moving vehicle to apply the brake. Plaintiff opened the driver's side door and grabbed the steering wheel, causing the vehicle to turn and push him into his parked vehicle resulting in serious injuries to his leg and hip.

Plaintiff and his wife, derivatively, commenced this action against the Hallers and the corporate defendants, claiming that defendant was an employee of the corporate defendants and acting in her capacity as "park manager" at the time of the incident. After discovery, all defendants moved for summary judgment. Supreme Court found that defendant was not acting within the scope of any possible employment relationship that she may have had with the corporate defendants and granted summary judgment dismissing the complaint against them. Supreme Court found that the doctrine of "danger invites rescue" (see, Wagner v International Ry. Co., 232 NY 176) could apply against the Hallers and denied their summary judgment motion. Plaintiffs and the Hallers now appeal.

We affirm. Plaintiffs' theory of liability against defendant is premised on the legal doctrine that "danger invites rescue," which holds that "[t]he wrong that imperils life is a wrong to the imperilled victim; it is a wrong also to his rescuer" (Wagner v International Ry. Co., supra, at 180). Plaintiff observed defendant's daughter in the van when he and defendant spoke on the roadway. He testified that he did not see the child (or defendant) emerge from the vehicle. He perceived that the child was still in the vehicle as it rolled backward with the engine running and acted on this belief. Defendant claims that since the child was not in the van and plaintiff had no reason to believe that she was, no factual basis existed for application of this doctrine (see, Tassone v Johannemann, 232 AD2d 627; Ha-Sidi v South Country Cent. School Dist., 148 AD2d 580).

The doctrine has been held to apply, however, where a potential rescuer reasonably believes that another is in peril (see, Provenzo v Sam, 23 NY2d 256), and the fact that the danger did not actually exist does not abrogate liability (see, Carney v Buyea, 271 App Div 338). While more than a suspicion of danger to another person is necessary, such a determination is made on the facts and circumstances of each case (see, Prov-

*enzo v Sam, supra,* at 261), and the reasonableness of that decision is generally a question for the trier of fact (*see, Colon v Margolis,* 17 NY2d 798; *Wagner v International Ry. Co., supra,* at 182; *Carney v Buyea, supra,* at 342). The issue of whether plaintiff acted reasonably when he first attempted to stop the rolling vehicle or in continuing to struggle with the moving vehicle after he opened the driver's door and did not observe the child in the front passenger seat where she had previously been sitting was correctly held to be a question for the trier of fact.

We also hold that Supreme Court correctly determined that the theory of respondeat superior, liability imputed to an employer for the negligence of an employee when the employee acts within the scope of his or her employment (*see, Lundberg v State of New York,* 25 NY2d 467), did not apply in this instance. Defendant indicated that she was the mobile home park manager and received a lot rent reduction of $50 per month and free cable television for performing water tests and having her husband shovel snow from the park mail boxes and mow grass between the trailer sites. Even if such an arrangement were found to be an employee/employer relationship, defendant was not so engaged at the time of this incident. Defendant volunteered to notify park residents that she saw over the weekend of the scheduled construction work which was to begin the next Monday. Defendant was not under any obligation to perform such duty, the owner operator of the park did not direct her to perform such duty and had no indicia of control over defendant's actions regarding the manner or method of any notification (*see, Scott v Massachusetts Mut. Life Ins. Co.,* 86 NY2d 429). The cases cited by plaintiffs to support their claim of respondeat superior liability of the corporate defendants involve the issue of imputed notice of a condition and are clearly distinguishable.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.