■ JUAN RODRIGUEZ, Respondent, v PROPERTY FOR THE PEOPLE, INC., Appellant. [737 NYS2d 347] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about October 16, 2000, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

According to the complaint, plaintiff sustained injuries while attempting to rescue a three-year-old girl from the roof of a

building, where she landed after she fell out of an unguarded third-floor window of the apartment in defendant landlord's building in which she resided. Plaintiff seeks to recover from defendant upon the theory that defendant's alleged negligence, namely, leaving the window of the three year old's apartment unguarded, precipitated a situation in which the child was so endangered as to invite the rescue attempt that resulted in his injury. Contrary to defendant's contention, it is not clear that the three-year-old child was not placed in imminent danger by reason of the alleged negligence, and thus, we cannot say that the inapplicability of the "danger invites rescue" doctrine to the facts at bar has been established as a matter of law (see, Wagner v International Ry. Co., 232 NY 176; Villoch v Lindgren, 269 AD2d 271). Nor, in view of the factual questions as to the imminence and magnitude of the danger to the subject child, can we say, as a matter of law, that the rescue method employed by plaintiff was so rash under the circumstances as to constitute an intervening and superseding cause of plaintiff's harm (see, id.; Rodriguez v New York State Thruway Auth., 82 AD2d 853, 854; compare, Sullivan v 673 First Ave. Assoc., 250 AD2d 394, lv denied 92 NY2d 809).

We have considered defendant's remaining arguments and find them unavailing. Concur—Williams, J.P., Andrias, Rosenberger and Buckley, JJ.