# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1098**
**CA 11-00627**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

PAUL HUGHES AND TAMMY HUGHES,
PLAINTIFFS-RESPONDENTS,

V                                            MEMORANDUM AND ORDER

MURNANE BUILDING CONTRACTORS, INC. AND
M.A. BONGIOVANNI, INC., DEFENDANTS-APPELLANTS.

---

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-APPELLANT MURNANE BUILDING CONTRACTORS, INC.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF COUNSEL), FOR DEFENDANT-APPELLANT M.A. BONGIOVANNI, INC.

THE ROTHSCHILD LAW FIRM, P.C., EAST SYRACUSE (MARTIN J. ROTHSCHILD OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered December 3, 2010 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motions for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal, as limited by their briefs, from an order insofar as it denied their motions for summary judgment seeking dismissal of the common-law negligence cause of action, which is based on the doctrine of "danger invites rescue" (hereafter, rescue doctrine). Defendant Murnane Building Contractors, Inc. (Murnane) was the general contractor on a construction project that involved the installation of a large pipe in a trench. The trench was 1,200 feet long and 40 feet deep. Defendant M.A. Bongiovanni, Inc. (Bongiovanni) was the excavation subcontractor on the project, and it hired the company that employed Paul Hughes (plaintiff) to provide security at the construction site. Plaintiff, a security guard who worked the evening shift, was injured when he responded to a call on his cell phone from Wayne Sistrunk, an employee of Bongiovanni who had fallen from an extension ladder into the trench. According to plaintiff, who was the only other person at the site, Sistrunk begged him for help and told him to come right away. Plaintiff climbed down a stair tower to reach the trench floor and walked toward an excavator in the area where he thought Sistrunk was located. While walking on the trench floor, plaintiff allegedly sank deep into the mud. Plaintiff managed

to pull himself out of the mud by grabbing onto the excavator, but he was allegedly injured in the process.  After escaping the mud, plaintiff walked back up the stair tower and discontinued any efforts to assist Sistrunk.  In the meantime, Sistrunk called 911, and emergency responders arrived at the construction site.  The responders removed Sistrunk from the trench and treated plaintiff for chest pains.

According to plaintiffs, defendants' negligence caused Sistrunk to fall into the trench, which, in turn, caused plaintiff to attempt to rescue Sistrunk.  Thus, plaintiffs allege that defendants are liable to them for their negligence toward Sistrunk.  We conclude that Supreme Court properly denied those parts of defendants' motions seeking summary judgment dismissing the common-law negligence cause of action because defendants failed to meet their initial burden of establishing as a matter of law that the rescue doctrine is inapplicable.

Defendants contend that the rescue doctrine does not apply because plaintiff could not have reasonably believed that Sistrunk was in imminent peril when plaintiff descended into the trench to attempt to rescue him, and because plaintiff's rescue attempt was unreasonable.  We reject those contentions.  Although the rescue doctrine requires "more than a mere suspicion of danger" (*Provenzo v Sam*, 23 NY2d 256, 261; *see Snyder v Kramer*, 94 AD2d 860, *affd for the reasons stated* 61 NY2d 961), the reasonableness of a plaintiff's perception of danger and the rescue effort itself is "generally a question for the trier of fact" (*Gifford v Haller*, 273 AD2d 751, 753; *see Wagner v International Ry. Co.*, 232 NY 176, 181-182; *Rucker v Andress* [appeal No. 2], 38 AD2d 684).  "[T]he wisdom of hindsight is not determinative . . . So long as the rescue attempted can be said to have been a reasonable course of conduct at the time, it is of no import that the danger was not as real as it appeared" (*Provenzo*, 23 NY2d at 260; *see O'Connor v Syracuse Univ.*, 66 AD3d 1187, 1191, *lv dismissed* 14 NY3d 766).

Here, plaintiff received a phone call from Sistrunk, who said that he had fallen in the trench and that plaintiff needed to help him immediately.  Plaintiff testified at his deposition that Sistrunk sounded like he was in pain and panicking and that he cried, "Help me, help me, help me."  Plaintiff further testified that he thought Sistrunk could have been dying.  It cannot be said on the record before us that plaintiff's belief in that regard was unreasonable as a matter of law.  Given the depth of the trench and the cold weather, Sistrunk's death or further serious injury as a result of the fall or from exposure thereafter was more than an imaginative or speculative possibility (*see Provenzo*, 23 NY2d at 261; *see generally Rucker*, 38 AD2d 684).  Indeed, Sistrunk fell unconscious for a time and was exhibiting hypothermic symptoms when he was rescued.  We therefore conclude that "the record . . . supports a logical inference that plaintiff . . . was motivated by a reasonable belief of imminent peril" (*O'Connor*, 66 AD3d at 1190; *see also Villoch v Lindgren*, 269 AD2d 271, 273).  In addition, although plaintiff's rescue attempts appear to have been wholly ineffective, the rescue doctrine is not

rendered inapplicable by "the futility of the plaintiff's sacrifice" (*Wagner*, 232 NY at 181).  The evidence submitted by defendants in support of their motions failed to establish that plaintiff's rescue efforts were unreasonable as a matter of law or that plaintiff's actions were "so rash under the circumstances as to constitute an intervening and superseding cause" of his alleged injuries (*Rodriguez v Property for People*, 291 AD2d 220, 221).

Defendants further contend that the rescue doctrine is inapplicable here because their liability to Sistrunk is predicated solely on the theory of strict liability pursuant to Labor Law § 240 (1).  Even assuming, arguendo, that the rescue doctrine is inapplicable where the liability to the rescued person is predicated upon an alleged violation of Labor Law § 240 (1) rather than negligence (*see Del Vecchio v State of New York*, 246 AD2d 498, 499-500; *cf. McCoy v American Suzuki Motor Corp.*, 136 Wash 2d 350, 356, 961 P2d 952, 956), we conclude that plaintiffs have sufficiently pleaded their case as one predicated upon defendants' negligence, and defendants failed to establish their lack of negligence as a matter of law (*see generally Niagara Frontier Transp. Auth. v City of Buffalo Sewer Auth.*, 1 AD3d 893, 895).

Entered:  November 18, 2011                    Patricia L. Morgan
                                                Clerk of the Court