■ CAROL COYLE et al., Respondents, v CLAIRESE BOMMARITO, Defendant, and BRYNN WINTLE, Appellant. [965 NYS2d 242]—

Stein, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 15, 2012 in Saratoga County, which denied defendant Brynn Wintle's motion for summary judgment dismissing the complaint against her.

Plaintiff Carol Coyle (hereinafter plaintiff), a special education aide at a high school in the Town of Clifton Park, Saratoga County, was injured while attempting to break up a physical altercation between two female high school students—defendants herein. As a result, plaintiff and her husband, derivatively, commenced this action against them. A default judgment was issued against defendant Clairese Bommarito upon her failure to appear in the action. Thereafter, defendant Brynn Wintle moved for summary judgment dismissing the complaint against her. Finding triable issues of fact, Supreme Court denied Wintle's motion and this appeal ensued.

We affirm. Plaintiffs' theory of liability against Wintle is based upon the "danger invites rescue" doctrine. This doctrine imposes liability upon a defendant who, "by his [or her] culpable act[,] has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his [or her] aid" (*Provenzo v Sam*, 23 NY2d 256, 260 [1968]; *see Wagner v International Ry. Co.*, 232 NY 176, 180 [1921]; *Gifford v Haller*, 273 AD2d 751, 752 [2000]). In order for the doctrine to apply, the rescuer must have had a reasonable belief that the person being rescued was in peril (*see Provenzo v Sam*, 23 NY2d at 261; *Carney v Buyea*, 271 App Div 338, 342 [1946]). The reasonableness of a decision to intervene is generally a question for the factfinder (*see O'Connor v Syracuse Univ.*, 66 AD3d 1187, 1191 [2009], *lv dismissed* 14 NY3d 766 [2010]; *Gifford v Haller*, 273 AD2d at 752; *see also Hughes v Murnane Bldg. Contrs., Inc.*, 89 AD3d 1507, 1508 [2011]).

In support of her motion, Wintle proffered, among other things, her own testimony that she had been doing jumping jacks in the school hallway when she heard someone call her name from behind her. According to Wintle, Bommarito grabbed her from behind and Wintle immediately fell to the ground, where she stayed crawled up in a ball in a defensive position while Bommarito swung her arms at Wintle. Wintle also testified that, although Bommarito was swinging her arms around, she never actually made contact with Wintle. Essentially, Wintle asserts that no view of the evidence would support the conclu-

sion that plaintiff had a reasonable belief that either of the girls were in peril so as to invite plaintiff to attempt to intervene.

In opposition to the motion, plaintiffs offered plaintiff's deposition testimony that she observed two individuals in the altercation—a taller one and a shorter one. While plaintiff did not know how the fight started, she saw the shorter girl on the ground and the taller one standing above her using "hammer blows" upon her. Plaintiff yelled out for assistance, but no one arrived. When the strikes continued, plaintiff was concerned that the shorter girl would be "badly hurt, brain damaged, [or] maimed, and [plaintiff] felt [she] couldn't wait any longer." Plaintiff, therefore, decided that she needed to intervene. The fact that the shorter girl, who plaintiff believed to be in peril, was not actually harmed in the altercation does not preclude a finding that plaintiff's belief was reasonable (see O'Connor v Syracuse Univ., 66 AD3d at 1191). Considering the factual issues presented here, we agree with Supreme Court that the question of whether plaintiff's decision to intervene was reasonable cannot be determined as a matter of law (see id.; compare Ha-Sidi v South Country Cent. School Dist., 148 AD2d 580, 581-582 [1989]).

Wintle also argues that she was not the culpable party in the altercation and, therefore, her actions were not the proximate cause of plaintiff's injuries. In this regard, Wintle alleges that Bommarito was the aggressor and she never hit or struck back. In addition, Wintle submitted a notarized statement from a nonparty witness who confirmed that Bommarito attacked Wintle. For her part in the incident, Wintle was only suspended for two days—which she claims was punishment for her having yelled out an expletive at Bommarito after the fight—while Bommarito was suspended for 12 weeks, evidencing Bommarito's culpability. Based upon this evidence, Wintle made a prima facie showing of entitlement to judgment as a matter of law on the issue of proximate cause (see Grandeau v South Colonie Cent. School Dist., 63 AD3d 1484, 1485-1486 [2009]; see also Flederbach v Lennett, 65 AD3d 1011, 1012 [2009]).

With the burden shifted to plaintiffs to demonstrate a triable issue of fact, they again rely upon plaintiff's deposition testimony regarding her observations of the altercation. Despite Wintle's claim that she was on the ground while Bommarito swung at her, it is undisputed that Wintle—being approximately 5 feet 7 inches tall—is significantly taller than Bommarito, who is approximately 5 feet tall. We reject Wintle's contention that plaintiff's use of the word "impression" in describing her observation of the taller student striking the shorter one renders

her testimony too speculative to be considered. Although plaintiff's ability to recall details about the incident was limited, when we view the evidence in a light most favorable to plaintiffs as the nonmoving parties and accept plaintiff's factual allegations as true (*see Lopez-Viola v Duell*, 100 AD3d 1239, 1242 [2012]), we are satisfied that plaintiff's testimony was sufficiently certain to establish that Wintle struck Bommarito (*compare Hawley v Binghamton Mets Baseball Club*, 262 AD2d 729, 731 [1999]). Considering these factual discrepancies and the resulting credibility issues, Supreme Court properly concluded that questions of fact exist regarding proximate cause, which also precluded summary judgment.

To the extent not specifically addressed herein, Wintle's remaining claim has been reviewed and found to be unavailing.

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.