# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 5, 2015                519510

_____

LUKE TRIFILETTI, an Infant,
   by APRIL CRANKER,
   His Parent and Guardian,
   et al.,

          Respondents,

    v                                     MEMORANDUM AND ORDER

ELAINE HEE-YOUNG CHEON-LEE
   et al.,

          Defendants,

   and

ELLIS HOSPITAL et al.,

          Appellants.

_____

Calendar Date:  January 7, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

     Thorn Gershon Tymann & Bonanni, LLP, Albany (Mia D. VanAuken of counsel), for appellants.

     Law Firm of Jonathan Reiter, New York City (Jonathan C. Reiter of counsel), for respondents.

_____

Lahtinen, J.P.

     Appeal from an order of the Supreme Court (Reilly Jr., J.), entered March 14, 2014 in Schenectady County, which, among other things, denied a motion by defendants Ellis Hospital and Bellevue Woman's Medical Center, Inc. for summary judgment dismissing the complaint against them.

Plaintiff April Cranker (hereinafter the mother) gave birth via cesarean section to plaintiff Luke Trifiletti (hereinafter the child) at defendant Bellevue Woman's Medical Center, Inc. Defendant Elaine Hee-Young Cheon-Lee, the mother's obstetrician, performed the surgical procedure. During the procedure, Cheon-Lee was initially unable to remove the child because his head was deep in the birth canal. An unidentified nurse inserted a hand vaginally to push the child's head up the canal so Cheon-Lee could remove the child through the surgical incision. Although not noted immediately, the child developed difficulties within a day and was discovered to have suffered a fractured skull and other asserted serious injuries.

Plaintiffs commenced this action against various defendants including, as relevant to this appeal, Bellevue and defendant Ellis Hospital (hereinafter collectively referred to as defendants) alleging, among other things, that the unidentified nurse employed by defendants who assisted Cheon-Lee applied excessive force to the child's head causing his injuries. Defendants moved for summary judgment dismissing the complaint against them contending that they were not liable since Cheon-Lee was not their employee and their nurse allegedly acted at her request and under her supervision. Supreme Court denied the motion and defendants now appeal.

"It is well settled that, in general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee, and may not be held concurrently liable unless its employees committed independent acts of negligence or the attending physician's orders were contraindicated by normal practice such that ordinary prudence required inquiry into the correctness of the attending physician's orders" (Wulbrecht v Jehle, 92 AD3d 1213, 1214 [2012] [internal quotation marks, brackets and citation omitted]; see Zhuzhingo v Milligan, 121 AD3d 1103, 1106 [2014]; Sledziewski v Cioffi, 137 AD2d 186, 188-190 [1988]). Cheon-Lee testified that she could not remember who assisted her by attempting to flex the child's head and, although she acknowledged that she would usually ask a nurse to push "from below" as she "reach[ed] from above," she could not recall whether she had requested or instructed anyone to assist her during this particular procedure.

Defendants' expert stated that a nurse would perform this type of assistance only if requested by the attending physician, such assistance is not uncommon and the amount of force that could be employed by such assistance could not have fractured the child's skull.

Plaintiffs' expert, however, opined that the child's injuries would not have occurred "in the absence of excessive force," there was "no possibility" that the child's skull was fractured in utero and there was "no evidence" that the injuries occurred after delivery. He stated that, although the maneuver used to free the child's head should be "done in a gently non-traumatic fashion, there is clearly the potential to cause serious injury . . . if excessive force is used." He set forth his opinion to a reasonable degree of medical certainty that the child's injuries were caused by the use of excessive force. Viewing the evidence in the light most favorable to plaintiffs as the parties opposing summary judgment (see e.g. Zapata v Buitriago, 107 AD3d 977, 978 [2013]; Coyle v Bommarito, 106 AD3d 1324, 1327 [2013]), there is a factual issue as to whether one of defendants' nurses engaged in an act of independent negligence by using excessive force not requested by Cheon-Lee when attempting to flex or push the child's head from the birth canal.

Garry, Rose and Devine, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court