Payne v Rome Mem. Hosp. (2019 NY Slip Op 08024)





Payne v Rome Mem. Hosp.


2019 NY Slip Op 08024


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


901 CA 19-00373

[*1]MARLO PAYNE AND DANIEL PAYNE, PLAINTIFFS-APPELLANTS,
v
ROME MEMORIAL HOSPITAL, BY AND THROUGH ITS AGENTS, OFFICERS AND/OR EMPLOYEES, DEFENDANT-RESPONDENT. 






CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (JOHN C. CHERUNDOLO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BURKE, SCOLAMIERO & HURD, LLP, ALBANY (JEFFREY HURD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered August 21, 2018. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as the complaint, as amplified by the second amended bill of particulars, asserts a claim for negligence based on the "danger invites rescue" doctrine and a derivative cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for personal injuries allegedly sustained by Marlo Payne (plaintiff) when she attempted to prevent a patient, whom plaintiff had accompanied from another facility to defendant hospital, from falling. Plaintiffs alleged that one of defendant's employees attempted to transfer the patient from a wheelchair to a bed using an apparatus known as a Hoyer lift without the required assistance and that plaintiff injured her back while supporting the patient when the lift began to tip over. Plaintiffs now appeal from an order granting defendant's motion for summary judgment dismissing the complaint.
Contrary to plaintiffs' contention, Supreme Court properly granted defendant's motion insofar as the complaint asserted a claim for medical malpractice. It is well settled that "liability for medical malpractice may not be imposed absent a physician-patient relationship, either express or implied, because there is no legal duty in the absence of such a relationship' " (Cygan v Kaleida Health, 51 AD3d 1373, 1375 [4th Dept 2008]; see Kingsley v Price, 163 AD3d 157, 160-161 [4th Dept 2018]; Gedon v Bry-Lin Hosps., 286 AD2d 892, 893-894 [4th Dept 2001], lv denied 98 NY2d 601 [2002]). Here, defendant met its initial burden on the motion with respect to the claim for medical malpractice by establishing that plaintiff had no such relationship with defendant, and plaintiffs failed to raise a triable issue of fact in response (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We agree with plaintiffs, however, that the court erred in granting the motion with respect to the claim for negligence based on the "danger invites rescue" doctrine (rescue doctrine) (see generally Provenzo v Sam, 23 NY2d 256, 260 [1968]), and we therefore modify the order accordingly. That "doctrine imposes liability upon a party who, by his [or her] culpable act has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his [or her] aid' " (Matter of Encompass Indem. Co. v Rich, 131 AD3d 476, 478 [2d Dept 2015], quoting Provenzo, 23 NY2d at 260), on the ground that "[t]he wrong that [*2]imperils life is a wrong to the imperilled victim . . . [and] also to his [or her] rescuer" (Wagner v International Ry. Co., 232 NY 176, 180 [1921]; see Gifford v Haller, 273 AD2d 751, 752 [3d Dept 2000]). For the rescue doctrine to apply, "it is sufficient that [the] plaintiff held a reasonable belief of imminent peril of serious injury to another, and it matters not that the peril feared did not materialize" (O'Connor v Syracuse Univ., 66 AD3d 1187, 1191 [3d Dept 2009], lv dismissed 14 NY3d 766 [2010]).
Here, in support of its motion, defendant submitted, inter alia, plaintiff's deposition testimony wherein she testified that she informed defendant's employee that two people were needed to move the patient onto the bed using the Hoyer lift, but the employee insisted on using the lift alone and did so in a manner that caused the lift to tilt which, in turn, caused the patient to begin to fall off of it. We conclude that the evidence submitted by defendant in support of its motion failed to establish that "plaintiff's rescue efforts were unreasonable as a matter of law or that plaintiff's actions were so rash under the circumstances as to constitute an intervening and superseding cause' of [her] alleged injuries" (Hughes v Murnane Bldg. Contrs., Inc., 89 AD3d 1507, 1509 [4th Dept 2011]; cf. Ha-Sidi v South Country Cent. School Dist., 148 AD2d 580, 582 [2d Dept 1989]). Thus, defendant failed to establish as a matter of law that its employee's acts were not a proximate cause of plaintiff's injuries under the rescue doctrine.
We have considered plaintiffs' remaining contention, and we conclude that it does not require further modification or reversal of the order.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court